# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
            **Plaintiff,**

        **v.**                                                    **Case No. 04-CR-191**

**ALEJO URQUIZA**
            **Defendant.**

---

## ORDER

## I.  BACKGROUND

On July 27, 2004, the government filed a criminal complaint against defendant Alejo Urquiza, alleging his participation in a conspiracy to distribute cocaine.  (R. 1.)  The magistrate judge issued a warrant, and the marshals arrested defendant the next day.  The magistrate judge temporarily detained defendant and adjourned the matter until July 30 for a detention hearing.  (R. 2, 3.)  At the detention hearing, the government noted that Immigration and Customs Enforcement ("ICE") had lodged a detainer against defendant as an illegal alien.  The magistrate judge allowed defendant's release on $30,000 cash or property, with conditions including electronic monitoring, reporting to pre-trial services as directed, random urinalysis and travel restrictions.  (R. 5.)

The grand jury returned an indictment against defendant and several others on August 17, 2004 (R. 13), and after being arraigned on August 19, defendant entered a plea of not guilty (R. 15).  The magistrate judge set a motion schedule, but because of its complexity the case was not then set for trial.  (R. 43, 45.)

On August 27, 2004, Rodolfo Urquiza posted $30,000 cash on defendant's behalf (R. 28), and on August 31, 2004, the magistrate judge signed an order setting conditions of release (R. 29) and defendant executed an appearance bond (R. 30).[1]  Immediately after his release, ICE apparently took defendant into custody and on or about September 2, deported him to Mexico.

On July 11, 2005, after the completion of the motion period, I scheduled the case for final pre-trial on October 28 and trial on November 7.  Defendant did not appear at the final pre-trial, and the government advised me that it had deported him.  On April 7, 2006, the government moved to forfeit the bond money.  Defendant, by counsel, opposes the request.

## II.  DISCUSSION

Fed. R. Crim. P. 46(f) requires the court to "declare the bail forfeited if a condition of the bond is breached."  See also 18 U.S.C. § 3146(d) ("If a person fails to appear before a court as required, and the person executed an appearance bond pursuant to section 3142(b) of this title . . ., the judicial officer may, regardless of whether the person has been charged with an offense under this section, declare any property designated pursuant to that section to be forfeited to the United States.").  Rule 46(f)(2) allows the court to set aside in whole or in part a bail forfeiture if "it appears that justice does not require bail forfeiture."

In the present case, the government contends that defendant violated a condition of his bond by failing to appear at the October 28 final pre-trial.  The government further

---

[1]It appears that this was a non-surety bond, signed only by defendant.  Defendant's family posted the full amount of cash required.

states that, although it deported defendant, he was advised through his attorney of procedures by which he can re-enter the country to attend court hearings. Finally, the government states that defense counsel has advised that defendant does not intend to avail himself of such procedures or to otherwise appear for trial. Therefore, it asks me to forfeit the bond money.

In his response to the government's motion, defense counsel states that prior to the posting of bail he spoke to the AUSA then assigned to the case and asked if bail would be forfeited if defendant were deported, and the AUSA said no. Counsel states that he then informed defendant's family, and they raised the funds necessary to secure defendant's release. Counsel attaches a list of the sources of the funds, which the AUSA approved prior to posting. (Def.'s Resp. Ex. D.) Counsel states that after the government deported defendant, the AUSA told him that until defendant missed a court date the government would take no action. Counsel further states that after he received the government's motion he spoke to the assigned ICE agent, who indicated that his agency would not have advised defendant on how to re-enter the United States to attend to his court case. The agent also indicated to counsel that the government would have to request defendant's re-entry and return for trial, and that he offered to drop the immigration hold prior to the deportation but the government declined. Finally, counsel states that he does not recall receiving any documents explaining how defendant could return to this country for trial.[2] Thus, counsel contends that because defendant is absent due to the actions of the

---

[2]Counsel submits an affidavit containing these representations. I gave the government a chance to reply, but it has not done so.

Case 2:04-cr-00191-LA    Filed 09/19/06    Page 3 of 5    Document 177

government in deporting him, the court should not forfeit the bail money. In the alternative, he requests that the forfeiture be set aside.

In deciding the present motion, I must resolve two issues. First, did defendant breach a condition of his bond, such that the bond must be forfeited? Second, if so, should the forfeiture be set aside in the interests of justice?

## A.    Forfeiture

Rule 46(f)(1) mandates forfeiture if a condition of bond is breached. United States v. Gutierrez, 771 F.2d 1001, 1003 (7th Cir. 1985). However, bail need not be forfeited where performance is rendered impossible by act of God, or of the law, or of the obligee. United States v. Carolina Casualty Ins. Co., 237 F.2d 451, 452 (7th Cir. 1956); see also United States v. Egan, 394 F.2d 262, 265 (2d Cir. 1968); cf. United States v. Jones, 719 F.2d 110, 111 (5th Cir. 1983) (stating that "that the government may not enforce the forfeiture of bond when the government itself has increased the risk or made impossible the exercise of the bail bondsman's right to arrest the individual and surrender him to authorities"). For instance, in Carolina Casualty, the court stated that the involuntary induction of the defendant into the army, or similar control exercised over him by the government, could discharge the bond obligation. 237 F.2d at 452-53.[3]

In the present case, by removing defendant from the country, the government rendered his appearance in court impossible. The government contends that defendant could have followed certain procedures to re-enter the country to attend his trial. However, it does not describe those procedures or present any evidence that defendant was notified

---

[3]In Carolina Casualty, the court forfeited the bond because the army had discharged the defendant four months prior to the default and forfeiture. Id. at 453.

4

of them.  Therefore, I cannot conclude that defendant could have returned to the United States and appeared for trial.

## B.    Set Aside

Even if I am required to forfeit defendant's bail, I conclude that the forfeiture should be set aside in the interests of justice.  In determining whether to set aside, I ask whether the defendant's breach was wilful, whether the defendant presents any explanation or mitigating factors, and whether the government suffered any prejudice.  Gutierrez, 771 F.3d at 1003; United States v. D'Argento, 339 F.2d 925, 927-28 (7th Cir. 1964).

In the present case, defendant did not intentionally absent himself; the government removed him.  Further, there is no evidence that defendant (or those who posted money on his behalf) knew that the government would remove him or that, if it did, it would seek forfeiture.  Finally, the government cannot demonstrate any prejudice because it caused the removal.  ICE and the United States Attorney's Office are both arms of the Department of Justice.  The right hand cannot complain about the actions of the left.  And because the government knew of the deportation long before trial, it suffered no cost or inconvenience in preparing.  Under these circumstances, justice requires that any forfeiture be set aside.

## III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that the government's motion for forfeiture (R. 148) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of September, 2006.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

5